IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) ) | CIVIL ACTION NO. |
| v. | ) ) ) ) | JURY TRIAL DEMAND |
| OFF THE AIR II, INC., d/b/a NICK'S SPORTS GRILL, | ) ) ) ) ) | |
| Defendant. | ) ) | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of pregnancy and to provide appropriate relief to Taylor King. As alleged with greater particularity below, the Commission alleges that Defendant, Off the Air II, Inc., d/b/a Nick's Sports Grill (hereafter "Defendant"), violated Title VII by terminating Taylor King's employment based on her sex, female, because of her pregnancy.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.     The employment practice alleged to be unlawful was committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission ( "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been and is now doing business in the state of Texas and the city of Rowlett, and has continuously had at least fifteen employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

5.     More than thirty days prior to the institution of this lawsuit, Taylor King filed a charge with the Commission alleging a violation of Title VII of the Civil Rights Act of 1964 by Nick's Sports Grill & Bar.

6.     On May 20, 2015, the Commission issued to Defendant Nick's Sports Grill & Bar a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

7. On October 16, 2015, the Commission issued to Defendant Nick's Sports Grill & Bar a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

8. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

9. Since at least April 14, 2014, Defendant has engaged in unlawful employment practices at its establishment in Rowlett, Texas, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) and § 2000e-(k), by terminating Taylor King's employment because of her pregnancy.

10. Taylor King was hired by Defendant on or about September 2, 2012, to perform the position of Bartender at Defendant's restaurant in Rowlett.

11. In December 2013, Taylor King informed Defendant that she was pregnant.

12. Taylor King was physically able to perform the job of Bartender while she was pregnant and working for Defendant.

13. In or about March 2014, Taylor King informed Defendant that she would take a leave of absence beginning approximately two weeks before her due date of August 14, 2014. On or about April 14, 2014, Taylor King was told by the General Manager that her leave of absence would begin within the week. When Taylor King asked the General Manager if he was serious about terminating her employment, he answered in the affirmative.

14. Taylor King applied to the Texas Workforce Commission for unemployment benefits on or about April 20, 2014. In those proceedings, Defendant informed the Texas Workforce Commission that Taylor King had been let go due to her pregnancy and would be allowed to come back to work once she had her baby.

15.  The effect of the practices complained of in paragraphs 9 through 14 above has been to deprive Taylor King of equal employment opportunities and otherwise adversely affect her status as an employee based on her sex, female, because of her pregnancy.

16.  The unlawful employment practices complained of in paragraphs 9 through 14 above were intentional.

17.  The unlawful employment practices complained of in paragraphs 9 through 14 above were done with malice or with reckless indifference to the federally protected rights of Taylor King.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of pregnancy.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Taylor King and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant to make whole Taylor King by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Taylor King.

D.  Order Defendant to make whole Taylor King by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 through 14 above, in amounts to be determined at trial.

  E. Order Defendant to make whole Taylor King by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 14 above, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

  F. Order Defendant to pay Taylor King punitive damages for its malicious and reckless conduct, as described in paragraphs 9 through 14 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Devika Seth
DEVIKA SETH
Senior Trial Attorney
District of Columbia Bar No. 975161

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2764
(FAX) (214) 253-2749