IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | CIVIL ACTION NO. |
| Plaintiff, | § § | 3:16-CV-03328-K |
| v. | § § | |
| OFF THE AIR II, INC., d/b/a NICK'S SPORTS GRILL, | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Defendant OFF THE AIR II, INC. d/b/a Nick's Sports Grill ("Defendant") and files this its Original Answer and Affirmative Defenses in response to the Plaintiff's Original Complaint.

### Nature of the Case

Defendant admits that Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") brings this action under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1981, but denies there is any basis for the legal action as Defendant did not engage in any unlawful employment practices on the basis of pregnancy or otherwise and that Taylor King is not entitled to relief as Defendant did not violate Title VII by terminating Taylor King's employment because of her pregnancy or otherwise.

**Jurisdiction and Venue**

1. Defendant admits this Court has jurisdiction over cases raising federal questions under 28 U.S.C. §1331 and over claims referenced in 42 U.S.C. §2000(e). Defendant denies that an action is appropriate under 42 U.S.C. §1981A as there is no evidence that Defendant engaged in discrimination with malice or reckless indifference to the federally protected rights of an aggrieved individual. Defendant denies that 42 U.S.C. §1981A provides a separate basis of jurisdiction and would state that limitations bars any action under §1981A.

2. Defendant denies that any unlawful employment practice was committed within the jurisdiction of the United States District Court for the Northern District of Texas or any other district.

3. Defendant admits the allegation contained in paragraph 3.

4. Defendant admits the allegation contained in paragraph 4.

5. Defendant admits that on or about July 28, 2014, Nick's Sports Bar & Grill received a Notice of Charge of Discrimination filed by Taylor King.

6. Defendant admits that on or about May 20, 2015 Nick's Sports Bar & Grill received a Letter of Determination finding reasonable cause, but would deny that the Commission based that finding after considering all of the evidence presented by the parties in that the reasonable cause finding was based on Plaintiff's determination that "evidence obtained during the investigation shows that the Charging Party did not request a leave of absence and Respondent intended to replace CP with a non-pregnant

bartender" when the undisputed evidence is that the Charging Party did request a leave of absence (see Original Complaint, para. 13) and that she was replaced with a bartender who was pregnant. Defendant would deny that Plaintiff made a good faith invitation to Defendant to join with the Plaintiff in informal methods of conciliation to endeavor to eliminate the alleged unlawful employment practices in that the Conciliation Agreement had already been drafted by the EEOC and was presented to Defendant in conjunction with the letter of determination. Thereafter Plaintiff would neither provide the factual basis for its demand that Taylor King receive $4,895.00 in back pay or $25,000.00 for compensatory punitive damages and at no time would EEOC negotiate in good faith during the conciliation process.

7. Admit that on October 16, 2015, Plaintiff mailed a Notice of Conciliation Failure form to Defendant's counsel.

8. Defendant denies that all conditions precedent to the institution of this lawsuit have been fulfilled as EEOC has failed to exhaust its administrative remedies which is a necessary condition precedent to the EEOC's election to bring this action in that EEOC failed to engage in the mandatory conciliation phase of the case in good faith and that this litigation is a result of same.

9. Denied.

10. Defendant admits that on or about September 2, 2012, Taylor King applied for a position as a server (i.e., "waitress").

11. Defendant is without knowledge or information sufficient to form a belief as to the claims in the sentence beginning with "in December, 2013" and therefore denies same, but by way of further answer, Defendant would admit that by at least early 2014 Taylor King had informed Defendant that she was pregnant.

12. Defendant admits Taylor King was physically able to perform her tasks assigned to her by Defendant including the job of bartender while she was pregnant and working for Defendant. By way of further answer, Defendant would state that it made reasonable accommodations for Ms. King's pregnancy by giving her permission to vary from the required dress code to wear black capris and a black shirt.

13. Deny that in or about March, 2014, Taylor King informed Defendant she would be taking a leave of absence beginning approximately two weeks before her due date of August 14, 2014. Deny that on or about April 14, 2014 Taylor King was told by the General Manager that her leave of absence would begin within the week. Deny that the General Manager ever terminated Ms. King's employment and deny that the General Manager ever stated he was terminating Taylor King's employment. By way of further answer, Defendant would state that during the week prior to the week of April 14, 2014, Taylor King advised the General Manager of her intention to take leave of absence from her position of employment because of her pregnancy as is provided for and allowed by the Employee Policies which apply to all employees. Ms. King indicated the leave of absence would commence in two (2) weeks. On or about April 14, 2014, a week after

receiving Ms. King's two-week notice of her intention to take a leave of absence, the General Manager advised Ms. King that a new bartender (Rachel Fogerty) was going to start working behind the bar and that Taylor would be reassigned to continue to work as either a server or hostess for the remaining week of employment prior to her voluntary leave of absence. Ms. King asked the General Manager if she was being fired and the General Manager stated Taylor was not fired, but to the contrary, that Ms. King was welcome to continue her position of employment whenever she elected to do so. Ms. King never returned nor notified Defendant of her intentions.

14. Admit that Taylor King applied to the Texas Workforce Commission for unemployment benefits on or about April 20, 2014. Deny that in those proceedings, Defendant informed the Texas Workforce Commission that Taylor had been let go due to her pregnancy and would not be allowed to come back to work until she had her baby. To the contrary, Defendant informed the Texas Workforce Commission that she had not been fired, that Ms. King instead had elected to voluntarily leave her position due to her pregnancy and that her job was still available when she wished to return including during the time of the employment proceedings in April and May, 2014 (or any time thereafter) rather than only when the child was born in or about August, 2014.

15. Denied.

16. Denied.

17. Denied.

18. Defendant denies that Plaintiff is entitled to any relief set forth in parts A through H of the Plaintiff's Prayer for Relief.

### Affirmative Defenses

By way of affirmative defenses, Defendant would state the following:

19. As set forth hereinabove, Plaintiff has failed to exhaust required administrative remedies prior to the initiation of this litigation. Defendant has not been afforded the rights or due process to which it is entitled under the Equal Employment law. The Determination Letter referenced in paragraph 6 hereinabove fails to set forth a summary of the investigation conducted by the EEOC (e.g., should include the results of the requests for information from the employee and the employer, its interviews with interested parties, review of relevant documents, etc.) nor does it set forth the reasons supporting the EEOC's conclusion. Instead there is one conclusory sentence: "Evidence obtained . . . shows Charging Party . . . did not request a leave . . . Respondent intended to replace with a non-pregnant bartender". It is undisputed that this statement is not true. Defendant asserts that EEOC did not attempt to fulfill its duties to conciliate in an reasonable and responsible manner, but rather the EEOC approached the conciliation process merely as a prerequisite to be checked off prior to the initiation of litigation. The EEOC's bad faith actions are further evidenced by the EEOC's admission that it had no information regarding Taylor King's subsequent employment or income and that the $4,895.00 in back pay demanded was merely a "plug number" representing the entire sum of wages Taylor King would have received as a tipped employee had she worked 40

hours a week, 52 weeks a year for the period of time from her voluntary separation of employment in April, 2014 until EEOC's Letter of Determination in May, 2015. EEOC's back pay calculation was intentionally inconsistent with Ms. King's documented work history with Defendant despite EEOC having all relevant documents.

20.   Defendant did not intentionally terminate Taylor King because of her pregnancy in order to replace her with a non-pregnant bartender. Instead, Taylor King requested a voluntary leave of absence and was replaced with a pregnant bartender (Rachel Fogarty) who continued to work until she, like Ms. King, requested a leave of absence in November, 2014 when her baby was due. After the baby was born, Ms. Fogarty returned to work at Nick's Sports Bar & Grill utilizing the same opportunity provided to Ms. King or any other employees with a medical condition which they have determined temporarily interferes with their ability or willingness to continue to work.

21.   Defendant would show that while its denies Taylor King is entitled to any back pay, it would show that on May 28, 2014 King informed the Texas Workforce Commission that she was unable to work because "I'm 7 months pregnant. I can't work because my feet and hands are swollen. I get tired", thus cutting off any right to back pay as of May 28, 2014.

22.   Defendant would raise the affirmative defenses of limitations and laches. Any action for personal injury damages brought under 42 U.S.C. §1981 is governed by the Texas two year statute of limitations. EEOC seeks to bring this action more than two and

one-half years after the act about which it complains. With regards to EEOC's Title VII claims, Defendant would raise the affirmative defense of laches. The employment practice about which Plaintiff complains in paragraphs 9 through 14 is a single incident involving one employee. EEOC has not alleged any unlawful practices are continuing in nature. Defendant denies any unlawful or employment practices occurred in 2014, are occurring at the present time or occurred at any time in the interim. This action is brought more than two and one-half years after the act about which Plaintiff complains and more than thirteen (13) months after Defendant received a Notice of Conciliation Failure. Defendant would assert that it will be significantly handicapped in making its defense because of the EEOC's inordinate delay in filing this action after giving Notice of Conciliation Failure since the passage of time has diminished the Defendant's ability to locate necessary witnesses. Employment in the restaurant industry is often transitory in nature and necessary witnesses employed by Defendant more than two and one-half years ago are no longer employed or easily located by Defendant.

23. In view of all the foregoing, Defendant respectfully prays that Plaintiff take nothing by its claims, that Defendant recover its costs and that Defendant be awarded such further and other relief to which it may have shown itself to be justly entitled.


Respectfully submitted,

 /s/ Roger Albright
Roger Albright
(Bar No. 009 745 80)
Law Offices of Roger Albright
3301 Elm Street
Dallas, Texas  75226-2562
214.939.9222
214.939.9229 (Telecopier)
E-mail:  ralaw@rogeralbright.com

COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served upon the below-listed counsel of record, via the U.S. District Court, Northern District's CM/ECF system on December 26th, 2016:

    P. David Lopez
    General Counsel

    James Lee
    Deputy General Counsel

    Gwendolyn Y. Reams
    Associate General Counsel

    Robert A. Canino
    Regional Attorney

    Suzanne M. Anderson
    Supervisory Trial Attorney

Devika Seth
Senior Trial Attorney
Equal Employment Opportunity Commission
Dallas District Office
207 South Houston Street, 3rd Floor
Dallas, Texas 75202

    /s/ Roger Albright
Roger Albright